Claude D. Montgomery, Esq.
Benjamin A. Ellison, Esq.
SALANS
620 Fifth Avenue
New York, NY 10020
(212) 632-5510
cmontgomery@salans.com
bellison@salans.com
Creditor Pro Se

**Electronically Filed March 6, 2006**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>N.C.P. Marketing Group, Inc., et al.,<br><br>                                    Debtors. | CHAPTER 11 Joint Administration<br><br>Case No. BK-04-51071<br><br>SALANS' JOINDER TO THE DEBTORS' OPPOSITION TO THE BLANKS PARTIES' MOTION TO CONVERT THE CHAPTER 11 CASES TO CHAPTER 7<br><br>Hearing Date: April 5, 2006<br>Hearing Time: 3:00 p.m. |

TO THE HONORABLE GREGG ZIVE
UNITED STATES BANKRUPTCY COURT:

Salans, the third-largest creditor in the above-captioned Chapter 11 cases, with a claim in excess of $900,000 for unpaid legal fees, hereby joins in and supports the Debtors' Opposition to the Blanks Parties' Motion to Convert the Chapter 11 Cases to Chapter 7 (the "Opposition"). The Blanks Parties' allegations of corrosive administrative costs and prejudicial delay are exaggerated, and ultimately incorrect. Furthermore, brought on the eve of briefing a matter in the Ninth Circuit to which they are a party, the very timing of the Blanks Parties' Motion is suggestive of a self-interested motive as opposed to, as they purport, an altruistic concern for the creditor class as a whole. Consequently, there is no basis for converting the Chapter 11 cases to Chapter 7.

NEWYORK.525037.1

In any event, conversion is unwarranted given the express assent by insiders to tolling agreements. The fear of depleting estate assets disappears in light of the tolling agreements, for the Blanks Parties themselves note in their Motion that as much as $10 million may be available through adversary proceedings, provided that the statute of limitation does not expire. The tolling agreements prevent this from happening, and so resolve the issue of how to fund reorganization if the Appeal does not succeed.

## ARGUMENT

### I. The Minimal Ongoing Costs of Maintaining a Chapter 11 Administration Present No Pressing Rationale for Converting to Chapter 7 Cases.

The touchstone for analyzing a motion to convert is the interest of the creditor class as a whole. 11 U.S.C. § 1112(b). In the present case, Salans is a substantial creditor without a direct interest in the outcome, unlike the Blanks Parties, of the present Ninth Circuit Appeal. As a result of it not being a direct participant in the Appeal, it is dispassionate on the question of what is in the best interests of creditors.

Continuing on the present course is a strategy favored by the creditor class as a whole, because it provides the maximum upside potential with the minimum amount of cost. While the Appeal is certainly not in the Blanks Parties' interests—because the estate is working against their creditor interest—to convert now to Chapter 7 would doom the average creditor's recovery to nothing. Consequently, creditors generally, and certainly Salans (in contrast to the Blanks Parties), do not wish to give up on an Appeal which could turn out to be their winning ticket.

Furthermore, the Motion should not be granted because the Blanks Parties' other arguments are without merit. Again, it is certainly rational for the Blanks Parties to raise the spectre of

NEWYORK.525037.1

2

administrative costs or prejudice, but they are simply not legally present in this case.

With regard to administrative costs, the test for conversion looks to a broad evaluation of the estate's costs and potential assets. *In re Moore Construction, Inc.*, 206 B.R. 436, 437-38 (Bankr. N.D.Tex. 1997). Seen from this perspective, conversion is not appropriate here because, in the short term, it in fact increases the rate of erosion to the estate (because of the start-up costs associated with establishing Chapter 7), and longer term, it deprives the creditor class of what has been their hope through two rounds of litigation: that the Debtors will be able to assume lucrative licensing rights as against Billy Blanks.

Furthermore, with regard to prejudicial delay, the Blanks Parties again misstate the applicable standard. Actual prejudice to the creditor class must be demonstrated before a bankruptcy court has cause to order conversion. *In re Sheehan*, 58 B.R. 296, 300 (Bankr. D.S.D. 1986). Here the Blanks Parties fail to provide compelling grounds for conversion because they demonstrate no actual prejudice suffered by the creditor class. Indeed, any such alleged harm would be cured, as described in more detail below, by the tolling agreements now to be put in place with insiders.

II.    <u>Conversion to Chapter 7 Would Be Premature Because Rehabilitation Does Not Rely on the Prospect of a Successful Appeal before the Ninth Circuit.</u>

The Blanks Parties assert in their Motion that only a single factor—whether or not the Debtor can sell Tae Bo brand videos—will determine whether or not the plan of reorganization will be successful. (*See, e.g.*, Motion, pp. 1, 7.) As a consequence, they argue, because the Debtor's ability to sell Tae Bo brand videos hinges on the pending Appeal before the Ninth Circuit, the prospects for reorganization are only as good as the chances for a successful Appeal. Given that Courts have twice found against the Debtors on the licensing issue, it is understandable that the

viability of reorganization would lie precariously in the balance if reorganization were entirely dependent on the Appeal.

The Blanks Parties overlook, however, an alternative source of revenue to fund rehabilitation: successful adversary proceedings against insiders.  The Blanks Parties acknowledge that significant recovery actions could exist for the estate: more than $10 million is owed to the Debtor by insiders and shareholders.  (Motion, pp.1, 10.)  The only reason such a basis is dismissed by the Blanks Parties as a viable means to pay off all creditors and jump-start the Debtors' media business is their presumption that because the time bar for fraudulent transfer and preference actions is impending (April 13, 2006), such an avenue for successful rehabilitation represents a dead-end.  Here the Blanks Parties presume too much.

The Blanks Parties did not anticipate that Debtors' counsel would do what they have done: we are advised that all relevant insiders have expressly promised to sign tolling agreements.  To the extent that these promises are not reduced to an enforceable writing, Debtors' counsel proposes to initiate adversary proceedings prior to the cut-off for such actions.  Such actions will extend the applicable term for statute of limitations and enable the Debtors to promptly pursue appropriate actions for the benefit of all creditors of the estate.  In this way the estate has a future irrespective of the fate of the Ninth Circuit Appeal, and as long as there is no premature conversion, the creditor class as a whole should be able to realize this potential.

# CONCLUSION

For the foregoing reasons, Salans respectfully requests that the Debtors' Motion be granted.

Respectfully submitted,

Dated: New York, New York
       March 6, 2006

SALANS


By: /s/ Claude Montgomery
    Claude D. Montgomery, Esq.
    Benjamin A. Ellison, Esq.
Salans
620 Fifth Avenue
New York, NY 10020
212-632-5500
Creditor Pro Se

NEWYORK.525037.1

## Certificate of Service

I, the undersigned, hereby certify that on March 6, 2006, I served or caused to be served, true and correct copies of SALANS' JOINDER TO THE DEBTORS' OPPOSITION TO THE BLANKS PARTIES' MOTION TO CONVERT THE CHAPTER 11 CASES TO CHAPTER 7 to all parties receiving email notice from the ECF system, and the below parties, by regular mail:

Attorneys for Creditors and Parties-In-Interest
Billy Blanks, Gayle Blanks and BG Star Productions, Inc.
MICHAEL S. GREGOR (BAR NO. 15625)
JEANNE M. JORGENSEN (BAR NO. 185494)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321

Local Counsel for Creditors and Parties-In-Interest
Billy Blanks, Gayle Blanks and BG Star Productions, Inc.
MICHAEL A. T. PAGNI Nevada Bar No. 6444
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89501

Counsel for Debtors
Jennifer A. Smith, Esq.
Lionel Sawyer & Collins
50 W. Liberty Street, Suite 1100
Reno, NV 89501

Counsel for Debtors
Thomas Wearsch, Esq.
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114

U. S. Trustee
Office of the U.S. Trustee
Attention: William B. Cossitt, Esq.
300 Booth Street, Suite 2129
Reno, NV 89509

*/s/ Benjamin Ellison*
Benjamin A. Ellison

NEWYORK.525037.1

6

NEWYORK.525037.1